IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL G. HATALA,** | : CIVIL ACTION NO. 1:24-CV-1664 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **KELLY MCANDREW,** | : |
| **Defendant** | : |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Paul G. Hatala, alleges the defendant violated his constitutional rights by disclosing the contents of a written complaint he made to the prison's psychiatric department. We will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

**I.     Factual Background & Procedural History**

According to the complaint, Hatala was incarcerated in Dallas State Correctional Institution ("SCI-Dallas") on March 25, 2024, when he sent a written request slip to defendant Kelly McAndrew, a mental health professional in the prison.[1] (Doc. 1 at 7). In the request slip, Hatala stated, "This bitch miss Rawlings is starting to piss me off she is slandering my name and something needs to be done or I'll file charges." (Id.) McAndrew purportedly told Rawlings about the content of

---

[1] The complaint avers that McAndrews was employed as a "psych." The court takes judicial notice that "psych" is commonly used as a slang term in prisons to refer to mental health professionals.

the letter and Rawlings then charged Hatala with misconduct for using abusive language. (Id.) Hatala was subsequently found guilty of the misconduct charge and sentenced to thirty days in solitary confinement. (Id.) Prison officials filed another misconduct charge at the end of Hatala's solitary confinement sentence based on a finding that the request slip was threatening. (Id.) As a result of this second charge, Hatala remained in solitary confinement until he was transferred to Phoenix State Correctional Institution on May 16, 2024. (Id.) Hatala asserts that McAndrew's disclosure of the contents of his request slip violated his rights under the First Amendment and the Health Insurance Portability and Accountability Act ("HIPAA"). (Id. at 5).

**II.    Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3] The court is required to identify cognizable claims

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

Hatala brings his federal constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

As a preliminary matter, Hatala's complaint fails to state a claim upon which relief may be granted to the extent it alleges a violation of HIPAA. There is no private right of action under HIPAA. Hatfield v. Berube, 714 F. App'x 99, 105-06 (3d

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

Cir. 2017) ((nonprecedential);[4] Dominic J. v. Wyoming Valley W. High Sch., 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005).

Turning to the constitutional claim, the Fourteenth Amendment protects an inmate's right to privacy in medical information. Doe v. Delie, 257 F.3d 309, 316 & n.5 (3d Cir. 2001).[5] This right, however, "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Id. at 316. One such limitation is prison officials' obligation to report threats made by inmates: "[p]rison doctors have an absolute obligation to report threats made within the prison," and doing so does not violate an inmate's Fourteenth Amendment rights. Burkholder v. Newton, 116 F. App'x 358, 362 (3d Cir. 2004) (nonprecedential).

Having reviewed the complaint, the court finds that it fails to state a Fourteenth Amendment claim upon which relief may be granted. Hatala alleges that McAndrew violated his constitutional rights by reporting his statement, "[t]his bitch miss Rawlings is starting to piss me off she is slandering my name and something needs to be done or I'll file charges," but a reasonable prison official could perceive the statement, "something needs to be done or I'll file charges" as a threat against Rawlings, and, indeed, prison officials interpreted the statement as a

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

[5] Hatala's complaint asserts a violation of the First Amendment, but the right of privacy he seeks to vindicate is properly construed as flowing from the Fourteenth Amendment. See Doe, 257 F.3d at 316 & n.5.

4

threat. (See Doc. 1 at 7). Reporting threats—or even potential threats—by inmates is clearly a legitimate penological interest and does not violate Hatala's constitutional rights. See Burkholder, 116 F. App'x at 362; Doe, 257 F.3d at 316.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile because Hatala's claim fails as a matter of law.

## IV.   Conclusion

We will dismiss the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 29, 2024